UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RYAN BONNEAU, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, et al., )<br>)<br>Defendants. ) | Civil Action No. 1:25-cv-02654 (UNA) |

**MEMORANDUM OPINION**

This matter is before the Court on its initial review of Plaintiff's *pro se* Complaint ("Compl."), ECF No. 1, and Application for Leave to Proceed *in forma pauperis* ("IFP App."), ECF No. 2. For the reasons discussed below, the Court dismisses this case without prejudice.

At the outset, the Court denies Plaintiff's IFP Application. Plaintiff first contends that the CIA owes him the costs of this case under 50 U.S.C. § 3506. *See* IFP App. at 1. Section 3506 allows the CIA to transfer and receive funds with other government agencies for its authorized functions and bears no relevance here. Alternatively, Plaintiff contends that the Attorney General will also take on the costs of this lawsuit on his behalf, *see id.* at 3, but there is no indication, beyond Plaintiff's own speculation, why that would be true.

Whether to permit or deny an application to proceed IFP is within the sound discretion of the Court. *See Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir.), *cert. denied*, 488 U.S. 941 (1988); *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir.), *cert. denied*, 375 U.S. 845 (1963). A movant should demonstrate that because of poverty, he cannot "pay or give security for the costs . . . and still be able to provide [for] the necessities of life." *McKelton v. Bruno*, 428 F.2d 718, 719–20 (D.C. Cir. 1970). "[C]ourts will generally look to whether the person is employed, the person's annual salary, and any other property or assets the person may possess." *Lin v. District of*

*Columbia*, No. 16-cv-645, 2020 WL 7695973, at *1 (D.D.C. Dec. 28, 2020) (citation omitted). To that end, the party seeking IFP status must "submit[ ] an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Here, Plaintiff has provided no cognizable information regarding his financial circumstances to show that he qualifies to proceed IFP; therefore, his IFP Application is denied.

Plaintiff's Complaint fares no better. The pleading totals 91 pages and is comprised of rambling allegations, predicated on Plaintiff's belief that the United States recruited him, through his marriage, to several high-ranking government positions, including the Director of the CIA, eventually making him the "highest paid government employee to exist ever." *See* Compl. at 5, 7. He contends that he is currently executing "an undercover CIA assignment," and although both "Donald Trump and Justin Bieber have tried to rescue" him, he has nonetheless been hacked, and is subject to "manipulating nanobots" placed in his brain, orchestrated by bad actors inside and outside the U.S. government. *See id.* at 11, 13, 15, 17. He demands, *inter alia*, protection of the CIA's "propriety technology," damages, and secret service protection. *See id.* at 17, 19.

The Court cannot exercise subject matter jurisdiction over Plaintiff's Complaint. *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). As here, a court shall dismiss a complaint as frivolous "when the facts alleged

rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi v. Holland*, 655 F.2d 1305, 1307–08 (D.C. Cir. 1981); *see* 28 U.S.C. § 1915(e)(2)(B)(i).

For these reasons, the Complaint, ECF No. 1, and this case, are dismissed without prejudice. Plaintiff's Motion for Appointment of Counsel, ECF No. 3, is denied as moot. A separate Order accompanies this Memorandum Opinion.

Date: November 14, 2025

TREVOR N. McFADDEN
United States District Judge